**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Marion Eugene McCLURE, Defendant-
Appellant.**

**No. 16085.**

United States Court of Appeals
Sixth Circuit.

Feb. 21, 1966.

Harry McIlwain, Cincinnati, Ohio, for appellant.

G. Wilson Horde, Asst. U. S. Atty., Knoxville, Tenn., for appellee.

J. H. Reddy, U. S. Atty., Knoxville, Tenn., on brief.

Before PHILLIPS and CELE-BREZZE, Circuit Judges and CECIL, Senior Circuit Judge.

PER CURIAM.

An indictment charging the Defendant-Appellant with violations of 18 U.S. C., § 472 was returned September 12, 1962, by the grand jury for the Eastern District of Tennessee, Northeastern Division, at Greeneville, Tennessee. On September 18, 1962, under U. S. District Court Docket No. 6620, a plea of not guilty was made to this indictment by the Defendant-Appellant and the matter was continued until the next term of court. On April 3, 1963, a plea of guilty was entered by the Defendant-Appellant. On October 31, 1963, upon oral motion of the United States Attorney, the indictment was dismissed. The indictment was dismissed as it did not allege an offense against the United States. A second indictment was returned on March 26, 1964, United States District Court Docket No. 6769. The Defendant-Appellant entered a plea of guilty on April 14, 1964, at which time there was a stipulation by both counsel for the United States and the Defendant-Appellant that none of his rights of appeal would be waived, it being the position that the Defendant-Appellant was being placed in double jeopardy. The Court overruled the Defendant-Appellant's motion to dismiss the indictment and sentenced the Defendant-Appellant on May 14, 1964. Appeal is taken to this Court.

The question before the Court is, did the trial Court err in overruling Defendant-Appellant's motion to dismiss the indictment on the grounds that the Defendant-Appellant was placed in double jeopardy under the Fifth Amendment of the United States Constitution?

In Shoener v. Commonwealth of Pennsylvania, 207 U.S. 188, 28 S.Ct. 110, 52 L.Ed. 163 (1907), the Court held: "one is not put in jeopardy if the indictment under which he is tried is so radically defective that it would not support a judgment of conviction, and that a judgment thereon would be arrested on motion".

Here, the defendant pleaded guilty to a defective indictment. Instead of proceeding on this indictment, and waiting for the accused to raise the issue of the defective indictment, the United States voluntarily dismissed the indictment.

We find that the second indictment did not place the Defendant-Appellant in double jeopardy. There was no error in the District Court's order dismissing the Defendant-Appellant's motion to dismiss the indictment.

The judgment of the District Court is affirmed.